IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,570-01






EX PARTE GEORGE RUIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-08-301951 IN THE 427TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
and sentenced to eight years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that his plea agreement was breached. Applicant
has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993 S.W.2d 114, 115
(Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order the prosecutor in Applicant's case to respond and state
what the conditions of the plea bargain were. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing the prosecutor's response and the plea record, the trial court shall make
findings of fact as to whether Applicant pleaded guilty on the condition that his offense would not
be one described by Article 42.12, § 3g of the Code of Criminal Procedure. The trial court shall also
make any other findings of fact that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 12, 2013

Do not publish